OSCAR STEUDLE AND CHARLIE STEUDLE V. TERRITORY OF OKLA-
HOMA.

(Filed September 20, 1907.)

(91 Pac. 1024.)

1. **CRIMINAL LAW—Dismissal as to One Defendant—Waiver of Objection.** Where two or more persons are included in the same indictment, the court may, at the request of the county attorney, dismiss as to any defendant for the purpose of making him a witness at any time in the trial before the defendants have gone into the defense; and where this is done after the jury are empaneled and sworn to try the case against all the defendants, and where the other defendants make no objection and save no exceptions, the same cannot be assigned as error in the supreme court.

2. **SAME—Correction of Verdict—Insertion of Names.** Where a jury in a criminal case have been ordered by the court in case they agree upon a verdict during the recess of the court to have the verdict so agreed upon signed by their foreman, sealed in an envelope and delivered to the foreman, and then are allowed to separate to meet at the convening of court at their jury rooms, and where the jury do so agree upon a verdict, and separate and at the next convening of court bring in a sealed verdict, which, on being opened, is found defective for the reason that it does not name the particular defendants found to be guilty, and where the court has ordered the jury to retire and correct their verdict by inserting the names of such defendants as they find guilty, and the jury do so retire and correct their verdict and return the same into court, such action of the court does not constitute reversible error.

3. **SAME—Review on Appeal—Sufficiency of Evidence.** Where there is evidence which reasonably tends to support the verdict of the jury, and such verdict is sustained by the court in refusing to grant a new trial, this court will not reverse the case on a question of fact.

(Syllabus by the Court.)

*Error from the District Court of Washita County; before James K. Beauchamp, Trial Judge.*

Affirmed.

*S. C. Massingale, J. A. Duff* and *L. R. Shean*, for plaintiffs in error.

*W. O. Cromwell, Attorney General, Don C. Smith* and *J. H. Cline, Assistants,* for defendant in error.

### STATEMENT OF THE CASE.

At the October term, 1905, of the district court of Washita county, Oklahoma Territory, a joint indictment was returned against George Hysaw, Oscar Steudle, John Steudle, and Charlie Steudle, charging them with the larceny of two domestic animals. The defendants were arrested and arraigned under this indictment on the 1st day of November, 1905, and then entered their plea of not guilty. On the 18th day of April, 1906, this case came on for trial under said indictment, the territory and defendant announcing ready for trial. After the jury had been selected and sworn to try the case, the defendant George Hysaw was discharged from the indictment that he might be used as a witness for the territory. Upon hearing the evidence adduced by the territory, the defendants offering none, the jury retired to consider of their verdict, under instructions from the court that, should a verdict be found by them during the hour of adjournment, such verdict should be signed by the foreman and sealed up and delivered to the foreman, after which the jury could separate until the reconvening of court, at which time the jury should reassemble and return their verdict into court at nine o'clock A. M. April 19, 1906. The jury arrived at a verdict during adjournment and separated, and returned a verdict at nine o'clock A. M. on the 19th of April, finding the defendants guilty as charged, but not specifying which of the defendants were found guilty. The trial judge then ordered the jury to again retire and say by their verdict which of the defendants they find guilty, and the jury again retired, and returned into

court their verdict finding the defendants Oscar Steudle, John Steudle, and Charlie Steudle, guilty as charged in the indictment. Motion for new trial was filed, and, upon hearing the motion, was sustained as to the defendant John Steudle, and overruled as to Oscar Steudle and Charles Steudle. Judgment and sentence was pronounced upon the defendants Oscar Steudle and Charles Steudle, to which exceptions were saved, and the case is brought here for review.

Opinion of the court by

IRWIN, J.: The first assignment of error is the court erred in directing the defendant George Hysaw to be discharged from the indictment on the application of the county attorney for the purpose of using him, the said George Hysaw, as a witness for the territory, after the jury had been empaneled and sworn to try the case against all of said defendants, under one joint indictment. As to this assignment of error, the record shows the following facts (pages 9 and 10 of the record):

"County Attorney: We desire to dismiss this case as to George Hysaw, one of the defendants. The Court: What is the purpose of that? County Attorney: We desire to use him as a witness. Mr. Massingale: I would like an expression from the county attorney as to the effect now of this dismissal. I understand under the statutes that the rule is where there is a joint indictment under certain circumstances the county attorney might dismiss as to one defendant for the purpose of using him as a witness. The Court: I understand that is what he wants; that is what he stated, to use him as a witness. Mr. Massingale: That dismissal is an acquittal. The Court: Yes, sir; the defendant Hysaw is discharged."

Now, no exception of any kind or character were saved to this ruling of the court, and, from the foregoing colloquy between the county attorney, the attorney for the defendants, and the court, it would reasonably be inferred that this ruling of the court was entirely satisfactory. We think the dismissal was clearly within the power of the court, and was not error, but whether

error or not it was not excepted to and exceptions were not saved, and it is not presented to this court in such a way that error could be assigned on it.

The second assignment of error is that after the jury had returned into court a sealed verdict finding the defendants, not naming them, guilty as charged, it was error on the part of the court to have the jury retire to their jury room and find a verdict naming the defendants found guilty. Section 5530, at page 1237, Wilson's Statutes 1903, provides that the court may order the jury to seal up their verdict where they agree on a verdict during a temporary vacation of the court, and that they shall return their verdict into court at the next convening of court, and also provides that they may separate after so signing and sealing their verdict. Section 5539, page 1239, Wilson's Statutes 1903, provides: "If the jury render a verdict not in form, the court may, with proper instructions as to the law, direct them to reconsider it. * * *" This verdict as first returned by the jury found all of the defendants guilty as charged in the indictment. This, of course, could not apply to the defendant Hysaw, who had been, by order of the court, previously dismissed out of the case, but it necessarily found all the other defendants guilty as charged in the indictment. The failure to insert the specific names of the particular defendants in the verdict could at best have been only an irregularity. It could only render the verdict defective in form, and we think it was clearly within the province of the court to order the jury to retire and correct their verdict, and the inserting of the particular names could have worked no hardship to either of the defendants, and is not such an error, if error at all, upon which a reversal could be predicated.

The only remaining assignment of error is that the court erred in refusing to grant the defendants Oscar Steudle and Charles Steudle a new trial for the reason that the evidence was not sufficient to warrant their conviction. We have examined the entire record, and we think there is ample and sufficient evidence

to sustain the finding of the jury, and under the well-recognized rule in this court that, where there is evidence reasonably tending to support the finding of the jury, this court will not disturb or reverse the case on a question of fact.

Having examined the entire record, and finding no error therein, the judgment of the district court is affirmed, with directions to the sheriff of Washita county to proceed with the enforcement of the judgment and sentence of the district court.

Pancoast and Garber, JJ., absent; all the other Justices concurring.